32 N.J. Super. 616 (1954)
108 A.2d 879
VINCENT MANGO, FRANCES MANGO, FRANK MANGO, DOMENICA MANGO, WILLIAM CORSINO, JENNY CORSINO, ANTHONY CORTESE AND CONCETTIA CORTESE, PLAINTIFFS,
v.
ALBERT BRODSKO, SOL FARBSTEIN AND NEW DEAL LUMBER AND MILL WORK COMPANY, INC., A FOREIGN CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 22, 1954.
*617 Mr. Joseph R. Moss, attorney for plaintiffs.
Messrs. Archer, Greiner, Hunter & Read (Mrs. James Hunter III, appearing), attorneys for defendants.
*618 HANEMAN, J.S.C.
Plaintiffs herein seek to enforce a restrictive covenant contained in a deed from one Mary E. Dilks to Fred Cristelli et ux., the latter being a predecessor in defendants' chain of title, dated December 12, 1950, on two grounds: (1) Mary E. Dilks, who is the common grantor of the plaintiffs and defendants, being the owner of a large tract of land, imposed said restrictions in furtherance of a "neighborhood scheme" upon said tract of land, and (2) in the event that they fail to prove the existence of a neighborhood scheme, they seek the enforcement of the restrictive covenant as subsequent grantees of a portion of the tract remaining in the said Mary E. Dilks at the time of the conveyance to Cristelli. Said restrictive covenant reads as follows:
"No building shall be constructed upon the premises except a dwelling house and such other out buildings as hereinafter provided. The actual cost of any dwelling which may be constructed upon the premises shall be of the value of at least $7,000.00. Any out buildings which are to be constructed must be constructed at least 50 feet behind the dwelling house line."
The question of a neighborhood scheme has heretofore been disposed of, this court having held that the plaintiffs failed in various vital respects to establish a neighborhood scheme.
Defendants, by way of defense to the second asserted ground for relief, assert that since the conveyance by Mary E. Dilks, the common grantor, to the predecessor in title of plaintiff Frank Mango, preceded the conveyance by her to Cristelli, he has no right to enforce said covenant. They as well assert that the other plaintiffs have no such right, although the deeds to them from Mary E. Dilks post-date the conveyance to Cristelli, since they had entered into a binding agreement of sale with Mary E. Dilks prior to the conveyance to Cristelli.
I find as a fact that the common grantor, Mary E. Dilks, did not bind herself at the date of the conveyance to Frank Mango or at the time of the agreements with the rest of the plaintiffs, to impose any restrictions upon the *619 balance of the land to which she then had title. Leaver v. Gorman, 73 N.J. Eq. 129 (Ch. 1907).
Generally, a restrictive covenant imposed upon land by a grantor in a conveyance of a portion of a tract of land, if such restrictions are for the benefit of the balance of the land retained by the grantor, may be enforced by him or a subsequent grantee of the whole or a part of said retained land. This result is based upon the theory that the restrictive covenant so imposed was for the benefit of said grantor and his remaining lands, and the subsequent grantee may as well enforce said restrictive covenant upon the principle that the rights created by such stipulation are transferable as part of the land to which they are attached. However, unless the grantor binds himself to impose similar restrictions upon the lands, the title to which then remains in him, the prior grantee cannot enforce a restrictive covenant contained in a conveyance to a subsequent grantee. This result follows from the fact that the prior grantee, having no right of action against the grantor, cannot pursue any other subsequent grantee. Clarke v. Kurtz, 123 N.J. Eq. 174 (E. & A. 1937); Leaver v. Gorman, 73 N.J. Eq. 129 (Ch. 1907); Bowen v. Smith, 76 N.J. Eq. 456 (Ch. 1909); Bright v. Forest Hill Park Development Co., 133 N.J. Eq. 170 (Ch. 1943).
Absent a neighborhood scheme or an agreement on the part of Mary E. Dilks to so bind herself by the insertion of a similar restriction in subsequent conveyances, the plaintiffs, Frank Mango et ux., whose deed ante-dated that to defendants, cannot enforce the restrictive covenant contained in the deed to defendants.
There remains for consideration, therefore, the question of whether the other plaintiffs, having entered into binding agreements to purchase a portion of the Dilks tract prior to the date of the conveyance to defendants' predecessors in title, are as well barred from the relief here sought.
When an enforceable binding agreement of sale of real estate is entered into the vendee becomes the equitable owner of the land and the vendor holds a mere naked legal estate as trustee of the vendee. Siesel v. Mandeville, 140 *620 N.J. Eq. 490 (Ch. 1947). An equitable conversion occurs on the making of such a contract and the purchaser becomes the equitable owner of the real estate and the seller becomes entitled merely to the purchase price. Courtney v. Hanson, 3 N.J. 571 (1950).
In order for a subsequent grantee to be entitled to enforce a restrictive covenant contained in a prior deed by a common grantor, the burden is upon such subsequent grantee to prove that the said restrictive covenant was imposed for the benefit of the balance of the land retained by the common grantor. Sailer v. Podolski, 82 N.J. Eq. 459 (Ch. 1913).
Therefore, where, as here, the common grantor imposed a restrictive covenant in a conveyance subsequent in date to a binding agreement of sale for some other portion of the tract, it cannot be said that said subsequent restrictive covenant was for the benefit of the lands then under said agreement to purchase and said prior purchasers, the common grantor having retained the bare naked legal title. The grantor no longer retained such title or interest in the lands covered by the agreement of sale that the restrictive covenant contained in the subsequent conveyance could be deemed for the benefit of the purchaser and the lands so contracted to be sold.
It follows that the plaintiffs who had binding agreements to purchase may not enforce the restrictive covenants contained in the subsequent conveyance to defendants' predecessors in title.
Judgment will be entered for the defendants.